VAN NORMAN *v.* GRAND RAPIDS PIANO CASE CO.

CONTRACT FOR MANUFACTURING—ACCOUNTING—EXPENSES.

Under a contract providing that the patentee of a process for the manufacture of furniture should assign to a manufacturing company his title to the patents in consideration of the company's agreement to manufacture and market the furniture thereunder, and providing, further, that an annual inventory should be taken of all the property and liabilities of the business, and that ''of the profits and losses over and above all expenses which may have accrued during the year'' the patentee should be credited or charged with 25 per cent., a *pro rata* share of the general expenses of the company for rent, superintendence, office expenses, use of machinery, insurance, etc., cannot be charged to the furniture business, the same not having been caused by or incurred on account thereof.

Appeal from Kent; Grove, J. Submitted June 12, 1896. Decided July 28, 1896.

Bill by Abram R. Van Norman against the Grand Rapids Piano Case Company for an accounting. From a decree for complainant, defendant appeals. Affirmed.

*Taggart, Knappen & Denison,* for complainant.

*Butterfield & Keeney,* for defendant.

LONG, C. J. This is a bill for an accounting upon a contract between complainant, Van Norman, and defendant company, dated April, 1894. Complainant is the inventor of a process for the manufacture of toy and household furniture, and held patents upon the same. A contract was entered into between complainant and defendant for the purpose of manufacturing these articles, which in substance reads as follows: Complainant agrees to assign to defendant full title and ownership of certain

and all United States patents secured, or hereafter secured, covering the process of constructing toy and household furniture, and all patents he may obtain in the future upon any article manufactured from wood. Defendant agrees to manufacture and market said furniture under said patents according to the market demand; and if defendant fails to manufacture for 12 consecutive months, said patents shall revert and be transferred again to complainant. "Proper books of account, containing all the transactions of said furniture business, shall be kept, and on the 1st day of January in each year an inventory of all the property and liabilities of said business shall be taken; and of the profits and losses over and above all expenses which may have accrued during the year, said Van Norman shall be credited or charged with 25 per cent. on the books of record of said business." If complainant shall have a credit balance on said books, it shall be paid to him as soon as all other debts of the business shall have been paid.

Defendant company had for its principal business the manufacture of piano cases, and the toy furniture business was carried on in connection with the company's other business, and in the same building. January 1, 1895, a statement of the furniture business for the preceding year was made, which shows the total sales, including inventory of stock on hand, to be $2,860.56. The total expense deducted shows the net profit of the business to be $7.26. Among the items of expense is one reading as follows: "*Pro rata* expense for rent, superintendence, office expenses, use of machinery, insurance, etc., $500." It is to this item that complainant makes principal objection, and attacks it in detail, though several minor items are objected to also. Defendant claims that the toy furniture business was about 4½ per cent. of the firm's total business; that the total expense of the company was about $13,000; that the toy furniture business should have been charged with a *pro rata* of this amount, or 4½ per cent., but through an oversight it was charged

but $500, or not quite 4 per cent. Upon the hearing in the court below a decree was entered in favor of complainant, finding that the item of $500 was an improper one, and that the total profit of the business was $507.26, of which complainant was entitled to 25 per cent. The case comes to this court upon appeal by defendant.

It is quite apparent from the record that the items making up the $500 charge, which is for "*pro rata* expense for rent, superintendence, office expenses, use of machinery, insurance, etc.," were not caused by or incurred on account of the toy furniture business. We think it was not within the contemplation of the parties when the contract was entered into that the complainant was to be charged with those items. The defendant was to have three-quarters of the profits. The complainant put in his patents, and was to receive only one-quarter of the profits. There were charged in the general account all the labor and all the material which went into the business. After these charges were made, there was a profit shown of $507.26, excluding the $500 charge, and of which amount complainant was entitled to 25 per cent. We do not deem it necessary to go into the details of these charges, as we are satisfied the court below was not in error in holding that they were no proper part of the account under the contract.

We find no error. The decree of the court below must be affirmed, with costs.

The other Justices concurred.